UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY    :
COMMISSION,                                    :
                                                           :
                  Plaintiff,                   :      06-CV-7733
                                                           :      (BSJ) (DFE)
      v.                                              :
                                                           :
BEAR, STEARNS & CO. INC.,                  :
                                                           :
                  Defendant.             :
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08

## CONSENT DECREE

This cause of action was brought on September 26, 2006 by Plaintiff Equal Employment Opportunity Commission ("EEOC") against Defendant Bear, Stearns & Co. Inc., ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. EEOC alleges that Defendant discriminated against Sally Hartwig ("Hartwig") because of her Hispanic national origin by treating her differently than non-Hispanic employees, unfairly criticizing her performance because of her national origin, and ultimately firing her.

Defendant has denied EEOC's allegations, and this Consent Decree is not an admission of liability or wrongdoing by Defendant, which denies any wrongdoing or liability.

The parties desire to settle this action, and therefore stipulate and consent to the entry of this Decree as final and binding amongst the parties.

The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing, approved by all parties to this Decree and approved or ordered by the Court.



In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1. This Decree resolves all allegations raised in EEOC Charge Number 160-2005-02447 and all allegations that were raised in the Complaint filed by EEOC. This Decree in no way affects EEOC's right to process any pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as EEOC sees fit.

2. The Court has jurisdiction over the subject matter and the parties to this action, venue is proper, and all administrative prerequisites have been met.

3. No party shall contest the validity of this Decree.

4. No party shall contest the jurisdiction of the United States District Court to enforce this Decree and its terms, or the right of EEOC to bring an enforcement suit or proceeding on the breach of any term of this Decree by Defendant.

## MONETARY RELIEF

5. Within 20 days after the entry of this Decree, Defendant will pay to Sally Hartwig $100,000 in resolution of this Complaint and in conjunction with a Settlement Agreement that has been entered into between Hartwig and Defendant. This payment, as allocated by EEOC, consists of $9,654 as damages for backpay, $65,346 as compensatory damages, and $25,000 as attorneys' fees. Defendant will provide Hartwig or her attorneys (as appropriate) with (a) Form(s) 1099 reflective of the payments for compensatory damages and attorneys' fees and (b) a Form W-2 reflective of the payment for damages for backpay. Defendant will provide

EEOC a copy of the checks and Forms 1099 and W-2 concurrent at the same time when they are mailed to Hartwig.

## INJUNCTIVE RELIEF

6. **Non-discrimination**

   a. Defendant will not discriminate against any individual because of her or his national origin in violation of Title VII.

   b. Defendant will not retaliate against any individual for asserting rights under Title VII, including but not limited to complaining about discrimination, opposing discrimination, filing a charge, providing assistance or evidence or testifying in the investigation or litigation of this or any other charge of discrimination, or for asserting her or his rights under Title VII.

7. **Policies and Procedures**

   Within 15 days of the entry of this Decree, Defendant will distribute to all of its employees its Equal Employment Opportunity Policy, Americans with Disabilities Act Policy and Anti-Discrimination/Anti-Harassment Policy, attached hereto as Exhibit A. Defendant will also distribute a copy of Exhibit A to all employees hired thereafter within five business days of the commencement of their employment. Electronic distribution is sufficient to comply with this provision.

8. **Training**

   a. Within 30 days of the entry of this Decree (except if expressly provided to the contrary below), Defendant will provide the following training to all its employees in the Corporate Marketing Department:

3

        (i)      Defendant will provide two hours of anti-discrimination training, including training regarding national origin discrimination and retaliation, for all non-management employees. Newly hired employees must undergo such training within 40 days of the date of hire.

        (ii)     Defendant will provide three hours of anti-discrimination training, including training regarding national origin discrimination and retaliation, for all its managers and supervisors. Defendant will provide newly hired, transferred, and/or promoted managers and supervisors such training within 40 days of the date of hire or promotion to the management position.

        (iii)    Defendant will provide two hours of additional anti-discrimination and sensitivity training with special emphasis on national origin discrimination and retaliation for (A) Hartwig's supervisor during her full-time tenure with Defendant (the head of the Corporate Marketing Department) and (B) the male employee named in ¶ 5 of Hartwig's charge of discrimination (a Managing Director/Principal in the Corporate Marketing Department).

      b.     With respect to those employees in the Corporate Marketing Department who undergo training during the first year of the Consent Decree pursuant to ¶ 8(a) above, Defendant will provide two hours of additional anti-discrimination training, including training regarding national origin discrimination and retaliation, during the second year of the Consent Decree.

      c.     Defendant shall submit for approval to the EEOC a copy of the curriculum, agenda, curriculum vitae (or other information) regarding the qualifications of the trainer, and all training materials to be relied upon or presented at the training sessions.

   d. Attendance sheets or records containing the dates of attendance, name of attendees, identity of instructor, and agendas for the training shall be maintained.

  9. **Postings**

   a. Within 30 days of the entry of this Decree, Defendant shall conspicuously post and maintain in a place visibly accessible to employees in the Corporate Marketing Department, a copy of the Notice of Lawsuit and Settlement, in the form and with the content specified in Exhibit B hereto.

   b. Defendant will continue to conspicuously display and maintain in its offices in all places where employee notices are posted the EEOC poster, as required by federal law, outlining all applicable EEO-laws.

  10. **Monitoring**

   a. With respect to the training to be provided to existing employees and managers and supervisors, within 20 days of each training session pursuant to ¶ 8(a), Defendant will forward to EEOC all attendance sheets or records containing the dates of attendance, name of attendees, identity of instructor, and agendas for the training. With respect to the training to be provided as described in the second sentences of clauses (i) and (ii) of ¶ 8(a), on or about the one-year and two-year anniversaries of the entry of this Decree, Defendant will forward to EEOC all attendance sheets or records containing the dates of attendance, name of attendees, identity of instructor, and agendas for the training. With respect to the training to be provided as described in ¶ 8(b), on or about the two-year anniversary of the entry of this Decree, Defendant will forward to EEOC all attendance sheets or records containing the dates of attendance, name of attendees, identity of instructor, and agendas for the training.

b. With respect to any complaints of discrimination or retaliation made by employees in the Corporate Marketing Department during the duration of the Decree, Defendant will provide EEOC with a log indicating the nature of the complaint, without specifically identifying the complainant. The log will be provided by Defendant to EEOC on or about the one-year and two-year anniversaries of the entry of this Decree.

c. Upon written notice to the undersigned counsel for Defendant, EEOC may monitor Defendant's compliance with this Decree through the inspection of Defendant's premises and records relevant to Defendant's compliance with its specific obligations under this Decree and through interviews with relevant employees. Such written notice shall be given ten business days in advance of the inspection and interviews unless such notice would compromise the public interest.

11. This Decree constitutes the complete understanding between EEOC and Defendant. No other promises or agreements shall be binding unless agreed to in writing and signed by these parties.

12. This Decree will remain in effect for two years from the date of entry or the occurrence of a Fundamental Change (as defined below), whichever is earlier (the earlier of such dates, the "Decree Expiration Date"). A "Fundamental Change" means (a) The Bear Stearns Companies Inc. ("Parent") ceasing to be a publicly-owned company, whether by merger, consolidation, share exchange or otherwise and including, without limitation, the proposed acquisition of Parent by JPMorgan Chase & Co. (e.g., upon the closing of the merger of Parent with JPMorgan Chase & Co. publicly announced on or about March 16, 2008, this Decree would no longer remain in effect, although JPMorgan Chase & Co. is itself a publicly-owned

company); (b) Defendant ceasing to be a broker-dealer registered with the Securities and Exchange Commission; or (c) the liquidation or dissolution of Parent or Defendant.

13. The Court shall retain jurisdiction over this action during the duration of the Decree. The matter may be administratively closed but shall not be dismissed during the duration of the Decree. Except as provided in the following sentence and notwithstanding anything in this Decree to the contrary, Defendant's obligations under this Decree shall cease in their entirety on the Decree Expiration Date, and no individual or entity shall have any obligations following the Decree Expiration Date. Within 30 days following the Decree Expiration Date, the parties (or, if applicable, their successors or assigns) shall submit a stipulation of dismissal with prejudice to the Court unless enforcement proceedings have been filed prior to the Decree Expiration Date.

SO ORDERED, ADJUDGED AND DECREED this 5th day of May, 2008.

_____
U.S. District Court Judge
Southern District of New York

...
...
APPROVED IN FORM AND CONTENT:

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*Elizabeth Grossman* (signature)

Elizabeth Grossman
Regional Attorney

Lisa Sirkin
Supervisory Attorney

Kam S. Wong
Senior Trial Attorney
Equal Employment
Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3703 (T)
(212) 336-3623 (F)
Kam.wong@eeoc.gov

FOR DEFENDANT BEAR, STEARNS &
CO. INC.

(signature)

Kevin Leblang, Esq.
Steven Knecht, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
212-715-9100 (T)
212-715-8000 (F)
kleblang@kramerlevin.com
sknecht@kramerlevin.com

8

# EXHIBIT A



# EMPLOYMENT POLICIES

### 1.   Employment-At-Will

Your employment at the Firm is voluntary and subject to termination by you or the Firm, with or without cause, for any reason or no reason at all, and except as otherwise agreed to in writing, with or without notice, at any time. Neither this handbook nor any other document confers any contractual right, either expressed or implied, that an individual remain in the Firm's employ.

### 2.   Equal Employment Opportunity Policy

The Firm is committed to equal employment opportunity and to recruiting, hiring and identifying the best candidates for positions at the Firm. All employment decisions are made on a non-discriminatory basis without regard to race, color, national origin, ethnicity, religion, creed, sex, sexual orientation, marital status, domestic partner status, age, citizenship status, status as an individual with a disability, status as a disabled or other protected veteran, or any other category as protected by applicable law ("Protected Characteristics").

Any allegations of discrimination or retaliation for complaints of discrimination should and are strongly encouraged to be reported immediately to a representative of the Employee Relations Group within the HR Department at 212-272-7411 or a representative of the Employment Group in the Legal Department. Reporting such conduct is necessary to permit the Firm to conduct an investigation.

### 3.   Americans with Disabilities Act Policy

The Firm complies with all applicable provisions of the Americans with Disabilities Act ("ADA") and applicable state and local laws protecting qualified individuals with known disabilities. It is the Firm's policy not to discriminate against any qualified applicant or employee because of an individual's disability, perceived disability, or record of disability, so long as the individual can perform the essential functions of the job. The Firm also provides reasonable accommodation for such individuals in accordance with these laws.

If you have a disability and believe you need reasonable accommodation to perform the essential functions of your job, contact a representative in the Firm's Medical Department.

## 4.   Anti-Discrimination/Anti-Harassment Policy

The Firm is committed to providing a work environment in which all employees are treated with respect and dignity in accordance with the law. You have the right to work in a professional atmosphere that promotes equal employment opportunities and prohibits discriminatory practices, including harassment. The Firm will take all necessary steps to ensure that the work environment remains free of bias, prejudice and harassment.

### Sexual Harassment

Sexual harassment constitutes discrimination and is illegal under federal, state and local laws. Sexual harassment includes unwanted sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature that takes place, for example, when:

- Submission to such conduct is made, either explicitly or implicitly, a term or condition of an individual's employment;
- A manager makes a personnel decision based on an employee's submission to or rejection of sexual advances; or
- Sexual conduct unreasonably interferes with an individual's performance or creates an intimidating, hostile or offensive work environment.

Sexual harassment can include a range of subtle and not so subtle behaviors and can involve individuals of the same or different sex. It can include physical, verbal or visual conduct of a sexual nature, including, but not limited to:

**Verbal:**   Sexual innuendo and other suggestive comments, humor and jokes about sex or gender-specific traits, sexual advances or propositions, insulting or obscene comments or threats, verbal abuse of a sexual nature, comments about an individual's body, sexual prowess or sexual deficiencies.

**Non-verbal:**   Leering, whistling, display or circulation in the workplace of sexually suggestive objects or pictures, offensive or derogatory written, electronic or visual materials.

**Physical:**   Intentional touching of the body (e.g., brushing, patting, pinching), kissing, inappropriate display of body parts, coerced acts of a sexual nature, or other demeaning actions based on sex.

Sex-based harassment (harassment not involving sexual activity or language — e.g., male manager yells only at female employees and not male employees) may also constitute discrimination if it is severe or pervasive and directed at employees because of their sex.

### Other Harassment

Harassment on the basis of any other Protected Characteristic is also strictly prohibited. This includes verbal, written or physical conduct that denigrates or shows hostility or aversion toward an individual because of his or her race, color, religion, creed, national origin, age, disability, citizenship status, marital status, sexual orientation or any other Protected Characteristic or that of his or her relatives, friends or associates. It also includes behavior that:

- Intends to create or creates an intimidating, hostile or offensive work environment;
- Intends to interfere or does interfere with an individual's performance at work; or
- Adversely affects an individual's employment opportunities.

Harassing conduct includes, but is not limited to:

- Epithets, slurs or negative stereotyping;
- Threatening, intimidating or hostile acts;
- Denigrating jokes; and
- Displaying or circulating written or graphic material that denigrates or shows hostility or aversion toward an individual or group.

Harassment may be conducted in person or through email or other electronic means of communication. This behavior is prohibited no matter how or through what means it is conveyed.

### Individuals and Conduct Governed by This Policy

The above polices are *material* policies of the Firm and apply to all employees and job applicants. Harassment, discrimination and retaliation in response to a complaint of a violation of the above policies are prohibited, whether engaged in by employees, supervisors, managers or by someone not directly connected to the Firm (e.g., an outside vendor, consultant, temporary employee or client).

Conduct prohibited by these policies is unacceptable in the workplace and in any work-related setting outside the workplace, such as during business trips, business meetings and business-related social events.

Any conduct violating these policies should and is strongly encouraged to be reported immediately to a representative of the Employee Relations Group within the HR Department at 212-272-7411 or a representative of the Employment Group in the Legal Department. Reporting such conduct is necessary to permit the Firm to conduct an investigation.

### Reporting an Incident of Harassment, Discrimination or Retaliation

You should and are strongly encouraged to report any incident of discrimination (sexual or other), harassment, or retaliation (regardless of the offender's identity or position) immediately to a representative of the Employee Relations Group within the HR Department or a representative of the Employment Group in the Legal Department. You should also contact a representative of the Employee Relations Group within the HR Department if you have concerns about such matters. To the extent possible, privacy and confidentiality will be maintained with respect to any such report or concerns, while still permitting the Firm to investigate thoroughly.

If you believe you have experienced conduct that is contrary to the Firm's policy, you should and are strongly encouraged to file a complaint with a representative of the Employee Relations Group within the HR Department or you may also contact a representative of the Employment Group in the Legal Department. You should not feel obligated to file your complaint with your immediate supervisor before bringing the matter to the attention of one of the Firm's designated representatives. **If a complaint is brought to a supervisor, the supervisor must immediately refer all complaints to a representative of the Employee Relations Group within the HR Department or to a representative of the Employment Group in the Legal Department.**

If you believe you are being harassed, you can, but are not obligated to, promptly advise the offender that his or her behavior is unwelcome and ask him or her to stop. The complaint process (above) does not preclude your addressing the harasser directly.

Adhering to the complaint process is necessary to permit the Firm to conduct an investigation.

### Retaliation Is Prohibited

Retaliation against an individual for reporting harassment or discrimination, or for participating in the investigation of such reports, is prohibited and will not be tolerated. This is considered a *material* violation of the Firm's policy. Anyone who harasses, discriminates and/or retaliates against another will be subject to disciplinary action, up to and including unpaid suspension and/or immediate termination of employment.

5

### Investigation

The Firm will investigate any reported allegations of harassment, discrimination or retaliation. The investigation may include individual interviews with the parties involved and, where necessary, with individuals who may have observed the alleged conduct or may have other relevant knowledge.

To the extent possible, privacy and confidentiality will be maintained throughout the investigation, while still permitting the Firm to investigate thoroughly.

6

# EXHIBIT B





# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE TO ALL EMPLOYEES IN
### BEAR STEARNS' CORPORATE MARKETING DEPARTMENT

This Notice is posted pursuant to a Consent Decree between the U.S. Equal Employment Opportunity Commission ("EEOC") and Bear, Stearns & Co. Inc. ("Bear Stearns"), in resolution of Case No. 06-7733 (BSJ) (DFE). In that lawsuit, EEOC alleged that Bear Stearns violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq.*, by engaging in national origin discrimination. No findings of fact or conclusions of law have been made or entered by the Court.

Federal law and the Consent Decree prohibit discrimination against an employee or an applicant for employment based on the national origin, race, religion, sex, color, age or disability status of the employee or applicant. Federal law and the Consent Decree also prohibit retaliation against people who have complained of or opposed discriminatory practices. Bear Stearns will comply in all respects with such Federal law and Consent Decree.

Pursuant to the Consent Decree, Bear Stearns has agreed to distribute to all of its employees its *Equal Employment Opportunity Policy* and *Anti-Discrimination/Anti-Harassment Policy*. Bear Stearns further agreed to provide anti-discrimination training to all of its employees in the Corporate Marketing Department, including training regarding national origin discrimination and retaliation.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may contact:

> U.S. Equal Employment Opportunity Commission
> 33 Whitehall Street, New York, New York 10004-2112
> Phone: (212) 336-3721
> TTY (for persons with hearing impairments): 1-800-669-6820

> Or call: 1-800-669-4000

***THIS IS AN OFFICIAL NOTICE AND MUST NOT BE CHANGED
IT MUST REMAIN POSTED UNTIL _____.***
*(Date two years after entry of Consent Decree)*